UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERITON JOABIS HEITOR,
    Petitioner,

    v.

DHS ICE,
    Respondent.

No. 3:26-cv-798 (SRU)

## ORDER TO SHOW CAUSE AND PROHIBITING TRANSFER OR REMOVAL

Petitioner Eriton Joabis Heitor has filed a petition for a writ of habeas corpus seeking his release from custody.

Upon review of the petition, the Court hereby directs and orders as follows:

I.      Jurisdiction

Mr. Heitor has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), contending that he is being unlawfully confined in violation of the Constitution and laws of the United States.

Although a federal district court does not generally have subject matter jurisdiction to review orders of removal issued by an immigration court, *see* 8 U.S.C. § 1252(a)(1), (g), it does, however, have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); *see* U.S. CONST. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the petition alleges that Mr. Heitor was arrested and detained (and may be removed) in violation of the Constitution and laws of the United States. The Court therefore has subject matter jurisdiction to consider

the petition under 28 U.S.C. § 2241(a).

In order to give the court an opportunity to consider the validity of the habeas petition, the court may order respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).

II.     Order

In order to provide an opportunity for a fair and just consideration of this matter and to resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:

a.   Prohibition of Transfer or Removal

Mr. Heitor shall not be removed from the District of Connecticut or deported from the United States. Accordingly, the Respondents, their officers, agents, servants, employees, and attorneys, as well as all persons in active concert or participation with them, are enjoined from removing Mr. Heitor from the District of Connecticut or deporting him from the United States. *See Ozoanya v. Reno,* 968 F. Supp. 1, 8 (D.D.C. 1997) ("The court's interest in protecting the integrity of the judicial process warrants a continuing stay of petitioner's deportation until final resolution of this action . . . ."). This order shall remain in effect until further order of the Court, in order to preserve this Court's jurisdiction to consider the merits of the case.

III.    Response to Petition

Respondents are hereby ordered to show cause regarding why the relief prayed for in the petition should not be granted. Respondents shall answer or otherwise respond to the petition no later than June 1, 2026.

IV.    Service of Petition

The U.S. Marshals Service shall serve a copy of the petition upon respondents and the United States Attorney for the District of Connecticut within seventy-two (72) hours of the issuance of this Order.

So ordered.

Dated at Bridgeport, Connecticut, this 22nd day of May 2026 at 10:20 a.m.

Stefan R. Underhill
United States District Judge